UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

| | |
|---|---|
| SARAH CONTE, JOANNE TOUCHBERRY, TEKISHA L. NICHOLSON, TOBY BELIVEAU, ALEXANDER CARLISLE and EARLENE N. HUNTER, Individually and on Behalf of the WakeMed 403(b) Plan and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAKEMED,<br><br>Defendants. | CASE NO. 5:21-CV-00190-D<br><br>CLASS ACTION<br><br>FINAL ORDER AND JUDGMENT |

Upon consideration of the Plaintiffs' Motion for Final Approval of Class Action Settlement of the above-referenced litigation under the terms of a Class Action Settlement Agreement dated April 26, 2021 (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. As described in the Court's Order Granting Motion for Preliminary Approval of Class Action Settlement (DE 12), this litigation arises out of alleged breaches of fiduciary duties and prohibited transactions against defendant WakeMed under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1001, *et seq.*, with respect to the management, operation, and administration of the WakeMed Retirement Savings Plan and other WakeMed defined contribution plans (collectively, the "Plan"). After a thorough pre-suit investigation, Class Counsel notified Defendant by letter on August 25, 2020, that they intended to file suit on September 11, 2020, attaching a 38-page, 115-paragraph draft complaint. However, Class Counsel raised the prospect of a potential resolution before the need for initiating formal litigation, and the Settling Parties engaged in ongoing discussions and negotiations for several months. This culminated in a private mediation on January 21, 2021, with a nationally recognized mediator, David Geronemus, Esq., who has substantial experience with ERISA class actions like this one. During this mediation, the Settling Parties reached agreement on the monetary terms and, through further negotiations, also agreed on certain non-monetary terms. The Settling Parties then engaged in further negotiations while memorializing the terms of the Settlement in a written agreement and associated exhibits, which resulted in the Class Action Settlement Agreement dated April 26, 2021. The Court preliminarily approved this Settlement on May 4, 2021 (DE 12).

1

3. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Settlement Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, notice was provided to the Attorneys General for each of the states in which a Settlement Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

4. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Settlement Class Members have been provided to all people, powers and entities entitled thereto.

5. All requirements of the Class Action Fairness Act, 28 U.S.C. §1711, *et seq.*, have been met, and Defendant has satisfied all of its obligations under the Class Action Fairness Act.

6. Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court, and no objections were filed.

7. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Class Action is **APPROVED** as fair, reasonable, and adequate to the Plan and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

2

8. The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Defendant Parties other than as provided for in the Settlement Agreement.

9. The Plan, the Plaintiffs, and the Settlement Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Defendant Parties (including Defendant) from the Plaintiffs' Released Claims, regardless of whether or not such Settlement Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Settlement Class Member have been approved or allowed. As of the Effective Date, Defendant shall be deemed to fully, finally, and forever release, relinquish, and discharge all Defendant's Released Claims, as to Plaintiffs, the Settlement Class, and their attorneys.

10. Plaintiffs, the Settlement Class Members, and the Plan, acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any of the Plaintiffs' Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11. Defendant, Class Counsel, Plaintiffs, the Settlement Class Members, or the Plan may hereafter discover facts in addition to or different from those that they know or believe to be

true with respect to the Defendant's Released Claims and Plaintiffs' Released Claims. Such facts, if known by them, might have affected the decision to settle with Plaintiffs and the Defendant, or the decision to release, relinquish, waive, and discharge to settle with Plaintiffs and Defendant and the Plaintiffs' Released Claims and Defendant's Released Claims, or the decision of a Settlement Class Member not to object to the Settlement. Notwithstanding the foregoing, Defendant, Plaintiffs, each Settlement Class Representative, and the Plan has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Plaintiffs' Released Claims and Defendant's Released Claims. Defendant, Plaintiffs, Settlement Class Members, and the Plan have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12. Defendant, each Plaintiff, each Settlement Class Member, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, §1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." Defendant, Plaintiffs, Settlement Class Members, and the Plan with respect to the Plaintiffs' Released Claims and Defendant's Released Claims, also hereby waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to §1542 of the California Civil Code.

4

13. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Settlement Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14. Each Settlement Class Member shall release Defendant, Defense Counsel, and the Released Defendant Parties for any claims, liabilities, attorneys' fees, and expenses arising from the allocation of the Settlement Amount or Net Settlement Amount, and Defendant, Defense Counsel and the Released Defendant Parties are hereby released by Settlement Class Members for all such claims, interest in, or liability for any taxes, tax expenses or any associated penalties and interest, as well as related attorneys' fees and expenses.

15. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant, and their Beneficiaries or Alternate Payees, as applicable.

16. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17. With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall

5

be resolved by the Plan administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

18. Within seven (7) calendar days following the issuance of all settlement payments to Settlement Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

19. Upon entry of this Order, all Settlement Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

**IT IS SO ORDERED.**

DATED: January 10, 2022

THE HONORABLE JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE