# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NORTH CAROLINA

### WESTERN DIVISION

| | |
|---|---|
| SARAH CONTE, JOANNE TOUCHBERRY, TEKISHA L. NICHOLSON, TOBY BELIVEAU, ALEXANDER CARLISLE and EARLENE N. HUNTER, Individually and on Behalf of the WakeMed 403(b) Plan and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAKEMED,<br><br>Defendants. | CASE NO. 5:21-CV-00190-D<br><br>CLASS ACTION<br><br>ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS FOR PLAINTIFFS |

This matter came before the Court for hearing on January 10, 2022 (the "Fairness Hearing") on Lead Counsel's motion for an award of attorneys' fees, expenses, and service awards for Plaintiffs (DE 22). The Court having considered all matters submitted to it at the Fairness Hearing and otherwise; and it appearing that notice of the Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, expenses, and service awards requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Class Action Settlement Agreement, dated April 26, 2021 (DE 11-1) (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the action and all parties to the action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees, expenses, and service awards for Plaintiffs was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

1

4. Lead Counsel are hereby awarded attorneys' fees of one-third of the Settlement Amount, plus litigation expenses in the amount of $21,909.85, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. Plaintiffs Sarah Conte, Joanne Touchberry, Tekisha L. Nicholson, Toby Beliveau, Alexander Carlisle and Earlene N. Hunter are awarded service awards of $5,000 each from the Settlement Fund related to their representation of the Settlement Class.

6. The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

7. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Fourth Circuit and found that:

(a) The Settlement has created a fund of $975,000 in cash, pursuant to the terms of the Settlement Agreement, and Settlement Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Fourth Circuit with similar recoveries;

(c) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of ERISA class action litigation;

(d) Lead Counsel undertook the action on a contingent basis, and have received no compensation during the action, and any fee and expense award has been contingent on the result achieved;

2

(e)     The claims against the Defendant involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(f)     Over 20,600 copies of the Notice were e-mailed, and over 2,300 copies were mailed via First-Class Mail, to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one-third of the Settlement Amount, plus their litigation expenses, in an amount not to exceed $40,000, and there were no objections to the requested attorneys' fees and expenses.

8.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

DATED: January 10, 2022

THE HONORABLE JAMES C. DEVER III
UNITED STATES DISTRICT JUDGE

3